## ATLANTA, B. & C. R. CO. v. UNITED STATES.

### No. 767.

District Court, N. D. Georgia, Atlanta Division.

Dec. 14, 1934.

Brandon, Hynds & Tindall, Alston, Alston, Foster & Moise, and Carl N. Davie, all of Atlanta, Ga., for plaintiff.

Elmer B. Collins and Harold M. Stephens, Sp. Asst. Atty. Gen., and Daniel W. Knowlton and Nelson Thomas, both of Washington, D. C., for Interstate Commerce Commission.

Lawrence S. Camp, U. S. Atty., of Atlanta, Ga., for defendants.

Before SIBLEY, Circuit Judge, and GRUBB and UNDERWOOD, District Judges.

PER CURIAM.

In the proceedings heretofore had touching the accounting entries upon the books of the complainant here in controversy, the Interstate Commerce Commission has taken the broad view that in the negotiations by which complainant acquired its railroads, the reorganization committee and its members through whom the title passed ought to be ignored, and the matter viewed as though complainant had dealt directly with Atlantic Coast Line Railroad Company, giving to it its whole common stock in exchange for the cash payments made by Atlantic Coast Line Railroad Company, by which the title was freed of incumbrances (other than the new preferred stock) and which cash was thus in effect paid to complainant for its common stock. This court, on the other hand, has viewed the transaction more narrowly, noting that the title to the railroad was passed to the members of the reorganization committee subject to the incumbrances before the complainant was ever organized, that the Atlantic Coast Line Railroad Company arranged with them to pay off the incumbrances and to receive therefor the common stock when issued, and that months afterwards, upon the organization of complainant, it issued its preferred stock to the reorganization committee for distribution to the bondholders of the old company, and its entire common stock in the name of the Atlantic Coast Line Railroad Company, at the direction of the reorganization committee, in return for which it received from the committee a deed to the railroad properties. This deed was expressly made subject to such of the incumbrance as had not theretofore been discharged. All were in fact discharged at the time of its delivery, except some relatively slight items not then due, as to which the Atlantic Coast Line Railroad Company then delivered to the receiver, not to complainant, its commitment for future discharge, which was carried out. In the view of the court, the complainant paid for the railroad its entire capital stock, and received for its common stock the value of the railroad less the par of the preferred stock, making it necessary to value the property received and to subtract the par of the preferred stock in order to find what was received for the common stock according to the accounting rules of the Commission and according to the words of the condition in the consent of the Commission to the reorganization transaction.

We do not think the views of the court as heretofore expressed are either res judicata or the law of the case on the present bill. (D.C.) 37 F.(2d) 401. They have no more weight than their reasonableness entitles them to. We are not dissatisfied with them, but find it unnecessary to reassert them, because, while the Commission in making the order now under attack adhered to its former broad view that the complainant received for its common stock what the Atlantic Coast Line Railroad Company paid out in cash to disincumber the property and that no valuation of it was necessary; nevertheless it has also valued it, in conformity with the view of the court, at such a value as that subtraction of the par of the preferred stock gives the same figures for the common stock as were reached originally by the Commission. We do not discover any breach of the law in arriving at the value.

As a finding of fact it is binding in this court. In either view of the transaction of reorganization, the figure set up by the Commission in the attacked order is unassailable.

It is therefore considered and adjudged and decreed by the court that the prayers of the petition be denied, and the injunction sought be refused, and the bill dismissed at the cost of complainant.